## MOODY v. HUNTLEY.

(District Court, D. Vermont. December 6, 1906.)

SUBROGATION—PRINCIPAL AND SURETY—PAYMENT OF DEBT BY SURETY.

The holder of a note on which petitioner was surety brought suit against one of the makers and attached enough of his property to secure payment. About a year thereafter, and while the attachment suit was still pending, but before judgment, petitioner paid the note on demand of the holder; the judgment defendant having about a month before been adjudged a bankrupt. *Held*, that petitioner was entitled to be subrogated to the rights of the holder under its attachment lien.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Subrogation, §§ 17, 18.]

In Equity. Petition for subrogation.

L. C. Moody, for petitioner.

E. H. Deavitt, for petitionee.

MARTIN, District Judge. The petitioner, George E. Moody, alleges, in substance, that he was a surety signer upon a note given by the bankrupt and his brother, as principals, payable to the Waterbury National Bank in three months from date, and dated the ——— day of July, 1903; that, when said note became due, neither of the principals made payment thereof; that on the 14th day of May, 1904, the Waterbury National Bank brought suit on said note and attached enough of the property of Leonard Huntley, consisting of his real estate in the town of Waterbury, to secure payment; that about a year thereafter, upon the demand of said bank, the petitioner, as surety signer, paid the amount then due upon said note; that at the time of said payment said suit upon which said attachment was made was then and now is pending in the county court in the county of Washington; that, about a month before the payment of said note by the surety signer, said Leonard Huntley was duly adjudged a bankrupt in this court.

It is apparent, from these facts, that, at the time of the payment of the note in question by the surety signer, the attachment lien by the original holder of the note had matured as against proceedings in bankruptcy, being over a year preceding the adjudication. If the bank had obtained judgment, and the surety had paid that judgment, he would be entitled to be subrogated to all the rights of the attach-

ing creditor. The attachment lien having been over four months preceding the bankruptcy proceeding, and the suit still pending in court, with a right to take judgment at any regular term of court, I can see no difference as to the rights of the petitioner whether the payment was made before or after judgment. The equity of subrogation is one calculated to do exact justice between persons who are obligated for the performance of the same duty. It is much encouraged in this country. In England, as the law was originally settled, subrogations were not encouraged. Copis v. Middleton, 1 T. & R. 229; Hodgson v. Shaw, 3 My. & K. 190.

But the hardship of this ruling led to the passage of a statute. St. 19 & 20 Vict. c. 97.

In this country the whole current of authorities is that payment of a debt by a surety or indorser is considered to operate as an assignment of it, and the equity of subrogation has received a liberal and broad construction, dependent, however, upon the preliminary question of fact whether the payment was intended as a purchase or an extinguishment of the debt. If the former, the surety signer, as the purchaser, may be subrogated to all the rights of the original creditor.

In this case the surety purchased the note and now holds it uncanceled. Wherefore the prayer of the petitioner is granted.